1  Brian W. LaCorte (012237)
   Donna H. Catalfio (021827)
2  Ivan J. Mlachak (021939)
   **GALLAGHER & KENNEDY, P.A.**
3  2575 East Camelback Road
   Phoenix, Arizona 85016-9225
4  (602) 530-8000
   E-mail: bwl@gknet.com; dhc@gknet.com; ijm@gknet.com
5  Attorneys for Plaintiffs/Counter-defendants
       GolfSwitch, Inc. and Spectrum Golf, Inc.
6
                    **UNITED STATES DISTRICT COURT**
7
                          **DISTRICT OF ARIZONA**
8
   GolfSwitch, Inc., et al.,                No.   CV06-1119-PHX-NVW
9                                                 CV06-1406-PHX-NVW
                Plaintiffs/Counter-defendants,    (CONSOLIDATED)
10
   v.                                       **EXHIBITS TO RENEWED MOTION
11                                          TO RE-OPEN FACT DISCOVERY
   Incuborn Solutions, Inc., et al.,        ON NARROW ISSUE REGARDING
12                                          COMCAST ACQUISITION OF
                Defendants/Counter-claimants. INCUBORN-RELATED
13                                          DEFENDANTS**

14 GolfSwitch, Inc.,

15              Plaintiff/Counter-defendant,

16 v.                                       (Assigned to the Hon. Neil V. Wake)

17 TeeConnect, LLC, et al.,

                Defendants/Counter-claimants.
18

19 | Exhibit | Description |
   | --- | --- |
20 | A | Affidavit of Brian W. LaCorte |
21 | B | Letter from Brian W. LaCorte to Brett L. Dunkelman and Johnathan E. Mansfield (May 19, 2008) |
22

*(left margin, vertical text:)* GALLAGHER & KENNEDY, P.A. / 2575 EAST CAMELBACK ROAD / PHOENIX, ARIZONA 85016-9225 / (602) 530-8000

| Exhibit | Description |
| --- | --- |
| C | September 1, 2008 e-mail from Brian LaCorte to Brett Dunkelman |
| D | Letter from Brett L. Dunkelman to Brian W. LaCorte (September 2, 2008) |
| E | Order denying motion to exclude expert evidence and testimony |

# EXHIBIT A

**AFFIDAVIT OF BRIAN W. LaCORTE**

STATE OF ARIZONA          )
                          ) ss.
County of Maricopa        )

Brian W. LaCorte, being first duly sworn upon his oath, deposes and says:

1.  I am an attorney at the law firm of Gallagher & Kennedy and the attorney of record for Plaintiffs/Counter-defendants GolfSwitch, Inc. and Spectrum Golf, Inc. (collectively referred to as "GolfSwitch") in the consolidated patent infringement case CV 06-1119-PHX-NVW.

2.  Following the January 30, 2008 deadline for fact discovery in this case, and shortly before the parties' mediation on March 31, 2008, GolfSwitch began hearing rumors that Comcast Corporation ("Comcast") was in the process of purchasing the Incuborn-related Defendants ("Cypress") for approximately $40 million.

3.  Shortly before the March 31, 2008 mediation, Brett Dunkelman, counsel for Cypress, contacted me and stated that Comcast was doing a deal with Cypress, but the deal had not yet closed. However, given the expected closing of the purchase, Mr. Dunkelman indicated that Cypress would be joined by Comcast representatives at the mediation.

4.  Unfortunately, the mediation on March 31, 2008 was unsuccessful.

5.  Shortly after the mediation, I asked Mr. Dunkelman if Cypress would produce the Comcast purchase agreement and/or information related to the Comcast transaction, indicating that GolfSwitch believed this information would be relevant to its

GALLAGHER & KENNEDY, P.A.
2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9225
(602) 530-8000

1    damages analysis and fell within the scope of GolfSwitch's earlier document

2    requests.

3    6.    After considering the request, Cypress declined to produce this information.

4    7.    In a subsequent telephone conversation with Mr. Dunkelman, I confirmed that

5    Cypress would not be producing any sale-related information before GolfSwitch

6    filed a motion seeking discovery on that discrete issue.

7    8.    On April 25, 2008, GolfSwitch filed a motion to reopen fact discovery to obtain

8    information related to Comcast's acquisition of Cypress (the "Original Motion").

9    9.    The Court denied, without prejudice, GolfSwitch's motion, noting a lack of

10    evidence by GolfSwitch of an effort to meet and confer on the issue. Thereafter, in

11    early May 2008, the parties engaged in additional conversations to attempt to

12    resolve the issue presented by the Original Motion.

13    10.    GolfSwitch attempted to reach a compromise by identifying for Cypress the specific

14    documents it wanted, including examples, and by narrowing the categories of

15    documents requested.

16    11.    Following this meet and confer, in a May 19, 2008 letter to Mr. Dunkelman, I

17    memorialized the six specific categories of documents being requested.

18    12.    During this same time period, the parties used some momentum from the mediation

19    to continue with settlement discussions. Specifically, Comcast and GolfSwitch

20    were engaged in discussions regarding Comcast's possible purchase of GolfSwitch.

21    13.    GolfSwitch understood from Comcast that any further efforts to obtain information

22

1   related to Comcast's purchase of Cypress would quickly derail these discussions.

2   14.   To allow meaningful negotiations between Comcast and GolfSwitch to proceed,

3         GolfSwitch agreed to table the issue and engaged in settlement/buy-sell negotiations

4         for several weeks with Comcast.  Unfortunately, the parties were unable to reach an

5         agreement.

6   15.   After these negotiations ended, GolfSwitch and Cypress made further efforts to

7         resolve the case through a direct lump-sum settlement, rather than a purchase/sale

8         involving Comcast.

9   16.   Again, however, these discussions were unsuccessful.

10  17.   Once these settlement avenues were exhausted, I promptly raised the issue of

11        production of sale-related documents with Mr. Dunkelman by e-mail dated

12        September 1, 2008.

13  18.   Mr. Dunkelman responded by letter dated September 2, 2008 indicating that

14        documents in three of the categories contained in my May 19, 2008 letter did not

15        exist, and that Cypress would decline to produce documents in the three remaining

16        categories.

17  19.   I believe GolfSwitch (and, indeed, Cypress) has exhausted all possible efforts to

18        resolve their differences on this discrete issue, thus necessitating the Court's

19        intervention.

20

21

22

1

_____

Brian W. LaCorte

2

3    SUBSCRIBED AND SWORN to before me this 16th day of September, 2008 by

4    Brian W. LaCorte.

5

6    _____

Notary Public

7

My Commission Expires



8

9

10    1910885/14630-0005

11

12

13

14

15

16

17

18

19

20

21

22