# EXHIBIT B

**GALLAGHER & KENNEDY**
──────── P.A. ────────
LAW OFFICES

BRIAN W. LACORTE
DIRECT DIAL:(602) 530- 8020
E-MAIL:BWL@GKNET.COM

2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9225
PHONE: (602) 530-8000
FAX: (602) 530-8500
WWW.GKNET.COM

Our File No. 14630-005

May 19, 2008

**Via E-Mail and Regular Mail**
Brett L. Dunkelman                      Johnathan E. Mansfield
Osborn Maledon, P.A.                    Schwabe, Williamson & Wyatt
2929 N. Central Avenue, Suite 2100      1211 SW 5th Ave., Ste. 1900
Phoenix, Arizona 85012-2794             Portland, OR 97204

      **Re:**   *GolfSwitch, Inc. v. Incuborn, et al.,* Cause No. CV 06-1119 (Consolidated)
                 GolfSwitch's Positions Discussed at May 15, 2008 Meet & Confer

Dear Brett and Jon:

      I write to confirm the GolfSwitch positions that I relayed to your during our recent meet
and confer. GolfSwitch is willing to narrow its request for information related to the Comcast
purchase of Cypress (I use the term Cypress to relate to all of the GolfNow-related defendants) to
the following categories of documents. I took from our conversation that you were clear as to
the scope and extent of these categories and the types of documents that would be involved as to
each. Here is our proposed list of desired information:

      (i)    The acquisition agreement involving Comcast's purchase of Cypress, including
             all schedules, exhibits, attachments or listings.

      (ii)   Any SFAS 141 valuation or other similar valuation that allocates the acquisition
             price to the assets acquired, including any supporting analysis regarding the
             valuation of intellectual property.

      (iii)  All business plans, narratives, business analysis, competitive analysis and market
             analysis performed by Comcast in connection with the transaction. In the
             discussion of business plans and market analysis, we would expect any analysis
             relating to GolfSwitch or other competitors that was prepared by either side in
             justifying the sale or as part of the due diligence.

      (iv)   All cash flow projections, revenue projections, sales projections, balance sheets,
             capital expenditure projections, operating cost projections that were exchanged
             with or prepared by Comcast in relation to the decision to proceed with the
             purchase. We would expect the later iterations of these projections to be the most
             relevant.

      (v)    Any valuation or purchase price allocation prepared by Cypress in connection
             with allocating the purchase price to the various groupings of shareholders, and

Mr. Brett Dunkelman
Mr. Johnathan Mansfield
May 19, 2008
Page 2

profit per share analysis for options holders. As to Cypress, we would also expect any forecasts or economic analysis supporting revenue targets, earn outs or revenue benchmarks to which any portion of the acquisition price is conditioned.

(vi)    Any liability analysis concerning the GolfSwitch litigation that was exchanged between the parties or which contain non-privileged communications or analysis relating to any support for a liability reserve or carve out/holdback in the acquisition price as a result of the pendency of this litigation.

We believe that these requested items fall within the scope of GolfSwitch's Second Set of Request for Production of Documents, specifically Request Nos. 15, 18, 21 and 28, among others. We also believe that much of these projections fall within the purview of projections and analyses discussed at Mr. Kasten's deposition, during which Ms. Catalfio asked that any updated projections be produced.

Further, we believe that this narrow list addresses the concerns raised in your response to our motion to reopen discovery, and comports with our previous offer that we would narrow the list if we had a better understanding of what might be available in the collection of due diligence documents related to the sale.

On a related matter, I mentioned during our meet and confer that I believe these documents are relevant to comparing the performance of GolfSwitch to the existing and projected performance of Cypress, particularly through the date of trial, to demonstrate support for a lost profit *Panduit* analysis. Also, we believe many of the points raised in any business plans, narratives and projections fall within the purview of the *Georgia Pacific* factors that would be considered in any damages analysis.

We discussed at the end of our meet and confer that GolfSwitch would like to keep the dialogue open regarding the above proposal with the understanding that early acquisition discussions between Comcast and GolfSwitch may rise to a level that makes the production of this information prohibitive. We are sensitive to that concern and are willing to delay the production of this information to accommodate acquisition discussions, so long as those remain on track. Obviously, if those discussions terminate, we need to know your final position to decide whether it is necessary to re-file the motion.

We appreciate your cooperation and look forward to your response regarding our requested list of documents above.

.  .  .

.  .  .

1833637

Mr. Brett Dunkelman
Mr. Johnathan Mansfield
May 19, 2008
Page 3

Sincerely,

GALLAGHER & KENNEDY, P.A.

By:

Brian W. LaCorte

BWL/kdj

1833637