# EXHIBIT D

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2793

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone   602.640.9000
Facsimile   602.640.9050



A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

www.osbornmaledon.com

Brett L. Dunkelman

Direct Line    602.640.9313
Direct Fax     602.640.6066

bdunkelman@omlaw.com

September 2, 2008

Via E-Mail and U.S. Mail

Brian W. LaCorte
Donna H. Catalfio
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225

Re:   <u>GolfSwitch, et. al. v. Incuborn Solutions, et. al.</u>

Dear Brian and Donna:

Now that the business and settlement discussions have appeared to hit an impasse, the time appears ripe for me to respond to your letters of May 19 and May 29, 2008.

We appreciate that Brian's May 19 letter represents a good faith effort to narrow the categories of documents requested and to reduce the burden on Cypress Golf Solutions and Comcast. Nevertheless, we do not believe that any of the items listed are appropriate items for discovery in this case, let alone reopening discovery to obtain documents from a third party. In any event, please be advised that no documents exist which are responsive to your items (ii), (v), and (vi).

Turning to Donna's letter, Cypress Golf Solutions is willing to produce the following updated financial documents if GolfSwitch is willing to produce the same or equivalent financial documents:

(1) 2007 year end financial statements;

(2) 2007 federal and state tax returns;

(3) 2008 YTD financial statements; and

(4) 2008 YTD Dashboard report.

Brian W. LaCorte
Donna H. Catalfio
September 2, 2008
Page 2

Plaintiffs have not produced any financial information more current than FYE 6/30/07. At the very least, we would expect Plaintiffs to produce their financial statements for FYE 6/30/08 and information regarding the number of rounds booked during the relevant time period.

We are rather perplexed by your request for a "supplemental disclosure" with respect to a supposed "defense" that Plaintiffs "waived trade secret protection" with respect to certain unidentified "sensitive financial documents." As an initial matter, Plaintiffs have never disclosed any trade secret misappropriation theory regarding financial documents or information. The Second Amended Complaint is completely silent on this point, as are Plaintiffs' responses to the Cypress defendants' interrogatories seeking information regarding Plaintiffs' trade secret misappropriation contentions (i.e., Interrogatory Nos. 8 and 9). Nor did Plaintiffs' Rule 30(b)(6) witnesses describe any such contentions or information. As a result, Plaintiffs' financial information misappropriation theory is not properly a part of this case.

In any event, you fail to identify what "supplemental disclosure" you believe Plaintiffs are entitled to. In their Rule 26(a)(3) disclosures, served on March 3, 2008, the Cypress defendants did identify as potential exhibits numerous filings in Spectrum's bankruptcy proceedings and produced as Document Nos. ML 1820 through 2602. More fundamentally, you seem to believe that it is somehow the Cypress defendants' burden to prove that the six and seven year old financial documents in Mr. Loustalot's possession do not contain trade secrets. You have it exactly backwards. It is Plaintiffs' burden to prove that these documents contain trade secrets and that they took reasonable steps to preserve their secrecy. Even if Judge Wake permits Plaintiffs to assert their financial information misappropriation theory, it is quite evident that Spectrum disclosed the alleged trade secret financial information in its bankruptcy proceedings, initiated approximately two months after Spectrum terminated Mr. Loustalot's employment. I would direct your attention to Document Nos. ML 1820 through 2602.

If you would like to discuss these matters further, please give me a call.

Sincerely yours,

*Brett*

Brett L. Dunkelman

BLD:scw
2233783