# EXHIBIT A

# EXHIBIT A

**GALLAGHER & KENNEDY**
———— P.A. ————
LAW OFFICES

DONNA H. CATALFIO
DIRECT DIAL: (602) 530- 8208
E-MAIL: DHC@GKNET.COM

2575 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-9225
PHONE: (602) 530-8000
FAX: (602) 530-8500
WWW.GKNET.COM

May 29, 2008

**VIA ELECTRONIC MAIL & U.S. MAIL**

Brett L. Dunkelman
OSBORN MALEDON, PA
2929 N. Central Avenue, Suite 2100
Phoenix, Arizona 85012-2793

     Re:    *GolfSwitch, Inc. et al. v. Incuborn Solutions, Inc. et al.,*
              **Cause No. CV 06-01119-PHX-NVW**

Dear Brett:

     It is my understanding that you and Brian have engaged in discussions regarding a possible cooperative, mutual disclosure between the parties of updated financial records, and I understand there are some sensitive issues surrounding production of documents related to the Comcast acquisition of Cypress. The purpose of this letter is to follow up on our request for updated financial records that we do not believe are impacted by these issues. We will likewise produce updated financial records for GolfSwitch if you can provide us a list of the specific records you want.

     Moreover, as you may recall at the post-discovery cutoff deposition of Mr. Kasten in February, you indicated that you would review and consider production of several documents mentioned by Mr. Kasten in the deposition if we would provide a list of those documents. Now that the parties are considering a supplemental production of updated financial records, we would like to follow up on just a couple of those items.

     Specifically, we request production of the following:

     1.    Cypress produced Dashboard Reports showing the number of rounds of golf booked through December 31, 2007. Please provide an updated Dashboard Report showing the number of rounds booked through the present date. We will also need an updated report before trial.

1837430

May 29, 2008
Page 2

    2.    The written agreement between Cypress and EZ Links referenced by Mr. Kasten in his deposition.

    3.    The 2007 tax returns for the Cypress Defendants, if they have been filed. At the time of Mr. Kasten's deposition, it is our understanding the 2007 returns had not been filed, but would be filed shortly.

    4.    Updated financial statements for 2007.

    5.    Updated or recent budgets, forecasts and projections for 2008.

    6.    Cypress produced draft versions of quarterly reports it sent to investors. Please produce final versions of all quarterly reports sent to investors.

While we are on the subject of housekeeping issues, we address a couple of final points. Right before the discovery cutoff deadline, at Mr. Loustalot's deposition, we thoroughly questioned Mr. Loustalot regarding the sensitive financial documents in Mr. Loustalot's possession, suggesting they were confidential trade secrets of GolfSwitch and Spectrum Golf, and that Mr. Loustalot's retention of these documents was misappropriation. We intend to raise this same argument at trial. As indicated in our Supplemental Disclosure Statement dated March 3, 2008, we intend to offer at trial all documents marked as exhibits to Mr. Loustalot's deposition and all documents personally produced by Mr. Loustalot in this litigation, specifically including our client's financial records, in support of our trade secret misappropriation case. It is our understanding from the mediator that Mr. Loustalot contends these documents were available in the Spectrum Golf bankruptcy proceeding, and therefore, GolfSwitch and Spectrum Golf waived trade secret protection. We request a more detailed supplemental disclosure on this defense, so that we may respond to it, particularly because our review of the electronically available docket in the bankruptcy proceeding does not reveal the disclosure of the specific documents at issue.

Thank you for your cooperation. Let us know the specifics about the updated records you will require from GolfSwitch, and we will be happy to work with our client to produce those to you.

                                       Sincerely,

                                       GALLAGHER & KENNEDY, P.A.

                                       By: *[signature]*
                                            Donna H. Catalfio

DHC:jb
cc:    Jonathan E. Mansfield
        Brian W. LaCorte

1837430

# EXHIBIT B

# EXHIBIT B

The Phoenix Plaza
21st Floor
2929 North Central Avenue
Phoenix, Arizona 85012-2793

P.O. Box 36379
Phoenix, Arizona 85067-6379

Telephone   602.640.9000
Facsimile   602.640.9050



A PROFESSIONAL ASSOCIATION
ATTORNEYS AT LAW

www.osbornmaledon.com

Brett L. Dunkelman

Direct Line        602.640.9313
Direct Fax        602.640.6066

bdunkelman@omlaw.com

September 2, 2008

Via E-Mail and U.S. Mail

Brian W. LaCorte
Donna H. Catalfio
Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225

    Re:   GolfSwitch, et. al. v. Incuborn Solutions, et. al.

Dear Brian and Donna:

    Now that the business and settlement discussions have appeared to hit an impasse, the time appears ripe for me to respond to your letters of May 19 and May 29, 2008.

    We appreciate that Brian's May 19 letter represents a good faith effort to narrow the categories of documents requested and to reduce the burden on Cypress Golf Solutions and Comcast. Nevertheless, we do not believe that any of the items listed are appropriate items for discovery in this case, let alone reopening discovery to obtain documents from a third party. In any event, please be advised that no documents exist which are responsive to your items (ii), (v), and (vi).

    Turning to Donna's letter, Cypress Golf Solutions is willing to produce the following updated financial documents if GolfSwitch is willing to produce the same or equivalent financial documents:

    (1) 2007 year end financial statements;

    (2) 2007 federal and state tax returns;

    (3) 2008 YTD financial statements; and

    (4) 2008 YTD Dashboard report.

Brian W. LaCorte
Donna H. Catalfio
September 2, 2008
Page 2

Plaintiffs have not produced any financial information more current than FYE 6/30/07. At the very least, we would expect Plaintiffs to produce their financial statements for FYE 6/30/08 and information regarding the number of rounds booked during the relevant time period.

We are rather perplexed by your request for a "supplemental disclosure" with respect to a supposed "defense" that Plaintiffs "waived trade secret protection" with respect to certain unidentified "sensitive financial documents." As an initial matter, Plaintiffs have never disclosed any trade secret misappropriation theory regarding financial documents or information. The Second Amended Complaint is completely silent on this point, as are Plaintiffs' responses to the Cypress defendants' interrogatories seeking information regarding Plaintiffs' trade secret misappropriation contentions (i.e., Interrogatory Nos. 8 and 9). Nor did Plaintiffs' Rule 30(b)(6) witnesses describe any such contentions or information. As a result, Plaintiffs' financial information misappropriation theory is not properly a part of this case.

In any event, you fail to identify what "supplemental disclosure" you believe Plaintiffs are entitled to. In their Rule 26(a)(3) disclosures, served on March 3, 2008, the Cypress defendants did identify as potential exhibits numerous filings in Spectrum's bankruptcy proceedings and produced as Document Nos. ML 1820 through 2602. More fundamentally, you seem to believe that it is somehow the Cypress defendants' burden to prove that the six and seven year old financial documents in Mr. Loustalot's possession do not contain trade secrets. You have it exactly backwards. It is Plaintiffs' burden to prove that these documents contain trade secrets and that they took reasonable steps to preserve their secrecy. Even if Judge Wake permits Plaintiffs to assert their financial information misappropriation theory, it is quite evident that Spectrum disclosed the alleged trade secret financial information in its bankruptcy proceedings, initiated approximately two months after Spectrum terminated Mr. Loustalot's employment. I would direct your attention to Document Nos. ML 1820 through 2602.

If you would like to discuss these matters further, please give me a call.

Sincerely yours,

Brett

Brett L. Dunkelman

BLD:scw
2233783